IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

RANDY ROBERTS, an individual,

           Plaintiff,

v.                                          CIVIL ACTION NO. 3:07-0593

AMERICAN ELECTRIC POWER
LONG-TERM DISABILITY PLAN,
an Employee Benefits Plan, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion to Conduct Discovery (Doc. 41). For the reasons explained below, the Court **DENIES** the motion.

**Background**

On April 20, 2009, Plaintiff filed an amended complaint (Doc. 28) alleging the following. Plaintiff resides in Lawrence County, Ohio and qualified for disability benefits through his employer American Electric Power Service Corporation. The American Electric Power Service Corporation Long-Term Disability Plan ("the Plan") was to provide disability benefits in the event that a plan participant, such as Plaintiff, became totally disabled. It was and is a qualifying plan under the Employee Retirement Income Security Act, more commonly referred to as "ERISA." Under the Plan the terms "Disabled" or "Disability" are given differing definitions depending upon the length of the participant's receipt of benefits. For the first 24-month period a participant is disabled if he is afflicted by "an illness of injury that requires the regular treatment of a duly qualified physician that may reasonably be expected to prevent [him] from performing the material duties of [his]

occupation." First Amend. Compl at ¶ 10. After these initial 24 months the definition changes so that a participant is only disabled if an illness or injury prevents him from "performing the duties of any occupation for which [he] is reasonably qualified by [his] education, training and experience." *Id.* In a situation where the latter definition is met, benefits extend "up to the maximum benefit period." *Id.*

On December 30, 1988 the Plaintiff was deemed eligible for long term disability benefits.[1] He received long-term disability benefits from December 30, 1998 through June 30, 2006. On May 11, 2006, he received a letter stating that his benefits would be terminated. After unsuccessfully appealing this decision, Plaintiff is now pursuing relief through this Court. He complains that he is totally disabled under the Plan definition and that Defendants wrongfully terminated his benefits. Although the complaint states that this Court has the authority to review the Plan's disability determination *de novo*, the Plan document (attached to the original complaint) clearly states that the Plan Administrator "has full discretion and authority to determined eligibility for benefits and for continued benefits and to construe and interpret all terms and provisions of the plan. The decision of [the Plan Administrator] upon final level appeal review shall be final and binding." Pls. Compl. Exh. 2 at 16.

Plaintiff filed the instant motion requesting he be allowed to pursue discovery outside of the administrative record. He contends that such discovery will be relevant to this Court's analysis, in that it may reveal a conflict of interest on the part of Aetna Life Insurance Company, the Plan

---

[1] Paragraph 11 of the complaint is written in the passive voice; it is therefore unclear who made the initial disability determination. First Amend. Compl. at ¶ 11.

Administrator. Defendant has opposed the motion arguing that such discovery would be both inappropriate and unnecessary.

**Analysis**

Based on principles of trust law, courts reviewing a denial of ERISA plan benefits should apply a *de novo* standard of review, "unless the plan provides to the contrary." *Met. Life Ins. Co. v. Glenn* 128 S.Ct. 2343, 2348 (2008) ("*Glenn*") (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989)). When, however, a plan grants the administrator or the fiduciary discretionary authority to determine eligibility for benefits, it has provided to the contrary and "trust principles make a *deferential standard* or review appropriate." *Id.* (emphasis in original). In these circumstances the Court reviews the plan decision only for abuse of discretion.

Here, the Plan document clearly vests discretion for determination of eligibility to Aetna Life Ins. Co., the Plan Administrator. The document states on its face that the administrator has, "full discretion and authority to determine eligibility for benefits and for continued benefits and to construe and interpret all terms and provisions of the plan." Pls. Compl. Exh. 2 at 16. The appropriate standard of review is therefore an abuse of discretion.

Typically when reviewing a decision for abuse of discretion, evidence is limited to the administrative record. *See Elliot v. Sara Lee Corp.,* 190 F.3d 601, 608-09 (4th Cir. 1999). Plaintiff, however, points to an unpublished decision, from this district, in which the court granted an exception to this general rule. *See Workman v. Aetna Life Ins. Co.,* 2007 WL 951765 (S.D. W.Va. March 29, 2007). In *Workman*, Judge Copenhaver determined that discovery outside the administrative record would be permitted to determine the extent of a conflict of interest on the part of the plan administrator. Judge Copenhaver's reasoning was based primarily on the "modified

abuse of discretion standard" then used by courts in the Fourth Judicial Circuit of the United States when a conflict existed. *See id.* at *5. Judge Copenhaver explained,

> [W]hile deference is still given under this standard, this deference is lessened to the degree necessary to neutralize any untoward influence resulting from the conflict . . . The more incentive for the administrator or fiduciary to benefit itself by a certain interpretation of the benefit eligibility or other plan terms, the more objectively reasonable the administrator or fiduciary decision must be and the more substantial evidence must be to support it. . . . Fourth Circuit precedent, therefore, requires the court to assess the extent of that conflict and under some circumstances allow for evidence on that topic.

*Id.* Thus, because the standard of review would shift based on the extent of a conflict, discovery outside the administrative record would sometimes be necessary in order to ascertain the extent of the conflict.

The modified abuse of discretion standard on which the *Workman* court based its decision has since been abrogated by the United States Supreme Court. In *Glenn*, the Court clearly held that while a conflict of interest should be weighed as a factor in the abuse of discretion analysis, the standard of review remained the typical abuse of discretion analysis. 128 S.Ct. 2343. The Court also held that a conflict of interest would be determinable by role of the Plan Administrator as both administrator or plan insurer. *Id.* As explained in a decision by the Fourth Circuit Court of Appeals,

> As is now stands after *Glenn*, a conflict of interest is readily determinable by the dual role of an administrator or other fiduciary, and courts are to apply simply the abuse-of-discretion standard for reviewing discretionary determinations by that administrator, even if the administrator operated under a conflict of interest. Under that familiar

> standard, a discretionary determination will be upheld if reasonable.

*Champion v. Black & Decker Inc.* 550 F.3d. 353, 359 (4th Cir. 2008).

Because the standard of review is consistent whether or not a conflict of interest exists, there is no longer a need to conduct discovery in order to provide evidence on the appropriate standard. In addition, any conflict of interest that does exist should be apparent from the dual role of the administrator and readily ascertainable from the administrative record. For these reasons, the Court sees no reason to grant extra-record discovery. Plaintiff's motion is **DENIED**.

## Conclusion

For the reasons explained above, the Court **DENIES** Plaintiff's Motion to Conduct Discovery (Doc. 41). The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: August 6, 2009

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE